(Decided June 20th, 1877.)

---

Daniel Coakley and Michael Coakley, trading as Coakley Brothers *vs.* Mayer S. Weil, Trustee, Garnishee of Charles Wirschnitzer and John Rapp.

### DEEDS.

*Attachment of funds in hands of trustee—Deeds of trust for the benefit of creditors—Releases—Preferences—Partnership creditors have no lien upon partnership effects.*

It is now indisputably held in Maryland that a deed of trust which conveys all the debtor's property may exact releases as the condition of participating in it.

Such a deed may contain preferences of particular creditors without impairing its validity.

Partnership creditors have no lien upon partnership effects, and until they do acquire such lien by process of law, those effects may be legally transferred *bona fide*, for valuable consideration, to either one or more of the partners or to mere strangers.

APPEAL from the Superior Court of Baltimore City.

On March 14th, 1876, Charles Wirschnitzer and John Rapp, co-partners, trading as Wirschnitzer and Rapp, executed a deed of trust of *all their property*, real, personal and mixed, to M. Star Weil, in trust for the benefit of their creditors, which as is admitted, *was duly executed, acknowledged and recorded.*

The trustee, on the same day, filed his bond as trustee, with the clerk of the Superior Court of Baltimore City, which was duly approved. On the fourth day of May, 1876, the trustee filed a petition in the Circuit Court of Baltimore City, praying the Court for leave to carry out the administration of the said trust under its advice and direction. The Court on the same day assumed jurisdiction thereof, and ordered notice to be given to all creditors of the grantors to file their claims.

The appellants, plaintiffs below, obtained a judgment against Wirschnitzer and Rapp, on the eighth day of May, 1876, and on the ninth day of May, 1876, issued an attachment thereon, which was laid in the hands of the appellee on the tenth day of May, 1876. The garnishee appeared to the attachment, and filed a plea of *nulla bona*, on which issue was joined.

The case was tried by the Court without the aid of a jury. The Court rendered a verdict and judgment for the garnishee, from which judgment the plaintiffs appealed.

Upon rendering its decision, the Court (DOBBIN, J.,) filed the following opinion :

" The claim of the plaintiffs to be paid out of the funds admitted to be in the hands of Mr. Weil, the garnishee, depends upon the alleged invalidity of the deed of trust

Coakley, *et al. vs.* Weil, Trustee.

for the benefit of creditors, made by the defendants to Weil. That deed is assailed upon two grounds:

" 1st. That it exacts releases as the condition of participating in the distribution of the trust funds, but does not convey *all* the property of the grantors ; and—

" 2nd. That it provides for an equal distribution '*pari passu* and without any preference of payment' among all the creditors of the grantors, thus disregarding such rights as they might have *inter sese* growing out of the relations as partnership or individual creditors of the grantors.

" The first objection was not strongly insisted upon, it being quite apparent that the terms of the deed are comprehensive enough to convey all the property of the grantors, co-partnership and individual.

"The second objection will, I think, yield, upon a close examination of the deed, in the light of the decisions of the Court of Appeals.

" It is now indisputably held in Maryland that a deed of trust which conveys all the debtor's property may exact releases as the condition of participating in it. It is also settled that such a deed may contain preferences of particular creditors without impairing its validity. Instances of such preferences in deeds held to be valid are to be found in the cases of *Maennel vs. Murdock*, 13 *Md.*, 164, and *Farquharson vs. Eichelberger*, 15 *Md.*, 63.

" It is also settled that partnership creditors have no lien upon partnership effects, and that until they do acquire such lien by process of law, those effects may be legally transferred *bona fide* for a valuable consideration, either to one or more of the partners, or to mere strangers. *Sanderson vs. Stockdale*, 11 *Md.*, 572–3.

" From this right to prefer particular creditors, and from the control which partners retain over their partnership effects, it would seem to follow that a deed which distributes the whole property of the debtors equally among their creditors, without distinction, is only a preference of

MARYLAND REPORTS.

those who would be thereby benefited, and is not for that reason invalid.

"I must therefore sustain the deed."

From this decision of the Court this appeal was taken.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, BRENT and MILLER, J.

*T. M. Lanahan* and *Joshua Passano,* for appellants.

*M. Star Weil,* for appellee.

Opinion by the COURT.

The judgment in this case will be affirmed for the reasons assigned by the Judge of the Superior Court in his opinion sent up with the record.

*Judgment affirmed.*

(Decided June 20th, 1877.)